**Mildred W. McCARTHY, Appellant,**

v.

**William F. McCARTHY, Appellee.**

**No. 3360.**

District of Columbia Court of Appeals.

Argued Nov. 4, 1963.

Decided Nov. 20, 1963.

Milton C. Gelenian, Washington, D. C., for appellant.

David E. Hammer, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant filed a complaint against her husband seeking an absolute divorce on the ground of constructive desertion arising out of his alleged cruelty which forced her to leave the marital abode. She also sought custody and maintenance for three minor children living with her.

Following personal service upon appellee and the filing of a sworn answer denying the charges of cruelty and desertion, the case was first set for pretrial on January 22, 1963. It was continued then, and on several occasions thereafter, due to the absence of appellee or his attorney. On May 17, 1963, when the case was for the third time called for pretrial, appellant appeared with counsel other than her attorney of record who, because of absence from the city, had requested an associate to appear for him. Again appellee's counsel asked for and received a continuance, representing that his client was outside the continental limits of the United States. The pretrial judge reset the case for June 14, 1963, "to give defendant an opportunity to appear at a pretrial." The attorneys then

left the judge's chambers. Shortly thereafter the judge recalled the attorney accompanying appellant and, for the first time, requested that he formally enter his appearance. The attorney advised the court that he had only been requested to appear for appellant at pretrial as an accommodation to a fellow member of the bar, and he declined to accede to the court's request, whereupon the court dismissed the case because of the *failure of appellant's attorney to appear*. Appellant's motion to reinstate the case being thereafter overruled, this appeal ensued.

The record reveals no valid grounds to support this dismissal. GS Rule 16 covering pretrial procedure in the District of Columbia Court of General Sessions provides that "[I]f any party fails to appear at the pre-trial hearing, the court may act as in case of nonappearance for final trial." Not only was appellant present, but she was accompanied by an attorney qualified to act for her *had pretrial taken place*. Nor can it be said that the dismissal was proper pursuant to GS Rule 41(b) which provides that "[F]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action * * *." Appellant did not fail to press her case nor did she violate any rule or order of the court. Neither did appellee move for dismissal.

Had the pretrial conference taken place, there would have been justification for requiring that appellant's substitute counsel formally enter his appearance, but no hearing was held.[1] To dismiss the case under these circumstances for a reason only indirectly connected with the case unjustifiably penalized appellant. Any disciplinary action against counsel, even if appropriate, should have been imposed directly upon him and not upon the client.

We hold that the dismissal was neither proper nor justified by the circumstances of the case and that the motion to reinstate should have been granted.

Judgment of dismissal reversed.

1. It has not been the general practice in this jurisdiction to require an attorney to formally enter his appearance in a case when, as a matter of courtesy, he appears for an absent colleague, the attorney of record, on a matter involving a continuance.